No. 82–1861. McCARREN ET AL. v. TOWN OF SPRINGFIELD, VERMONT, ET AL. C. A. 2d Cir. Certiorari denied.

JUSTICE REHNQUIST, dissenting.

The town of Springfield, Vermont, wishes to construct and operate a hydroelectric generating facility on the neighboring Black

River, and in June 1978, applied to the Federal Energy Regulatory Commission for a license to do so. FERC has never ruled on this application. In January 1980, the town of Cavendish, Vermont, petitioned the Vermont Public Service Board for a declaratory judgment that Springfield's proposed project was subject to the provisions of Vt. Stat. Ann., Tit. 30, § 248 (Supp. 1983), which states that "[n]o company as defined [herein] . . . may begin site preparation for or construction of an electric generating facility within the state . . . unless the . . . board . . . [issues a certificate of public good]." App. to Pet. for Cert. 58a–59a.

Springfield appeared before the Public Service Board and contended that FERC's licensing jurisdiction pre-empted the authority of the Board, but after briefing and argument the Board ruled that it had jurisdiction under § 248 and prohibited Springfield from commencing site preparation until Springfield obtained a certificate of public good.

Although Vermont law afforded Springfield a right of appeal from the Board's decision to the Supreme Court of Vermont, Springfield did not avail itself of this right. Instead, it collaterally attacked the Board's ruling by an action filed in the United States District Court for the District of Vermont, seeking a declaratory judgment that the Board's ruling was null and void on pre-emptive grounds. The District Court, in a thorough and well-reasoned opinion, canvassed the related issues raised by petitioners as a defense to its proceeding with the respondent's suit: res judicata, abstention, and the principles of *Younger* v. *Harris*, 401 U. S. 37 (1971). 549 F. Supp. 1134 (1982). Rejecting all of them, it ruled in favor of respondents on the merits of the pre-emption claim, and the Court of Appeals affirmed substantially for the reasons set forth in the opinion of the District Court. 722 F. 2d 728 (1983). I would grant certiorari to review the District Court's refusal to accord any res judicata weight to the determination of the Vermont Public Service Board.

The District Court held that res judicata did not apply, because "the policy against permitting [the Board] to act beyond its jurisdiction outweighs the policy underlying the doctrine of *res judicata*." 549 F. Supp., at 1148. The District Court, relying on our decisions in *Durfee* v. *Duke*, 375 U. S. 106 (1963), and *Kalb* v. *Feuerstein*, 308 U. S. 433 (1940), in effect held that where the merits of the issue tendered by the federal plaintiff could result in

a conclusion that the federal regulatory scheme ousted the state regulatory scheme, res judicata does not apply. I think this misreads the decisions upon which the District Court relied, and slights our recent decision in *Insurance Corporation of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee,* 456 U. S. 694, 702, n. 9 (1982), where the Court said:

> "A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal. See *Chicot County Drainage Dist.* v. *Baxter State Bank,* 308 U. S. 371 (1940); *Stoll* v. *Gottlieb,* 305 U. S. 165 (1938)."

*Kalb* v. *Feuerstein* was a case in which Congress had confided exclusive jurisdiction for settlement of claims to the federal bankruptcy courts, and thereby ousted the state courts of jurisdiction to adjudicate such claims. 308 U. S., at 440. But here, although the federal courts may have reached an entirely correct conclusion on the merits of the federal pre-emption issue, there is not the remotest suggestion that Congress by enactment of legislation authorizing federal licensing of hydroelectric projects intended to deprive the Vermont Public Service Board of authority to hear any claim relating to such projects that would otherwise be within the jurisdiction of the Board.

Although the fact that the adjudicating agency in this case was a state agency, rather than a state court, may make some difference as to the extent to which res judicata principles apply, it is by no means dispositive of the issue.* "Occasionally courts have used language to the effect that *res judicata* principles do not apply to administrative proceedings, but such language is certainly too broad." *United States* v. *Utah Construction & Mining Co.,* 384 U. S. 394, 421–422 (1966) (footnotes omitted).

---

*This case may also present a question left open in *Gibson* v. *Berryhill,* 411 U. S. 564, 575–577 (1973): whether respondents were required by the line of cases beginning with *Younger* v. *Harris,* 401 U. S. 37 (1971), to pursue their avenues of appeal from the administrative ruling within the state court system. As this Court observed in *Huffman* v. *Pursue, Ltd.,* 420 U. S. 592, 608 (1975), "[v]irtually all of the evils at which *Younger* is directed . . . inhere in federal intervention prior to completion of state appellate proceedings."

At a time when judges and observers are increasingly concerned with the workload of the federal courts, the application of principles of res judicata to disputes such as this might both conserve the time of the federal courts and make for a more orderly resolution of this and similar disputes.